D. P. STILLE *et al.* v. J. J. McDOWELL AND J. ISACKS.

*Error from Leavenworth County.*

In a sale of land, mistakes of parties, as to the location and description of the premises intended to be sold, may be corrected on sufficient proof.

The rule is, that the mistake should be made out in the most clear and decided manner, and to the entire satisfaction of the Court.

Where defendants below, to an action on a note and mortgage for the purchase money, set up a mistake of this kind, asking a rescission of the contract, and where the Court charged, "Before you can find that there was a mistake on the part of either of the parties, you must be satisfied of that fact beyond a reasonable doubt;" *held*, That the rule laid down in the charge is considerably more stringent than the true one; that the language used has no judicial sanction as applied to civil practice, and that the charge was erroneous.

*Held*, That an averment of an offer to rescind, would be established by proof that the opposite party had prevented or dispensed with a formal tender of a deed.

The facts of the case, sufficient for the presentation of the points decided, appear in the opinion of the Court.

*Hemmingray & Gambell and S. S. Ludlum*, for plaintiffs in error, submitted:

Stille and others v. McDowell and Isacks.

I. The defense is available as against the note dated May 18, 1859, transferred before due, in the hands of a third person.

1. *Stat.* 1855, *p.* 155, *Secs.* 1 *to* 4. The third section embraces equitable as well as legal defenses. *Boston* v. *Rector,* 7 *Mo.,* 524.

2. It may be claimed that this section of the statute was repealed by the provisions of the code. *Code of* 1858, *Sec.* 26, similar to *Compiled Laws* (*Code of* 1859), *p.* 129, *Sec.* 33.

This section of the code was borrowed from the codes of Ohio and New York. In both those States it has been decided that this section does not change the right of set-off or defense, as it existed under the law in force at the time of the adoption of the code. *Ross et al.* v. *Johnson,* 1 *Handy Supr. Ct. R.,* 388.

*Beckwith* v. *Union Bank,* 4 *Sandf.* (*N. Y.*), 604. In this case, the construction of the same section in the New York code was involved. The Court expressly held, that the effect of this provision of the code was to leave the right of set-off unaffected, and that the case was to be decided according to the law of set-off, as established by the revised statutes; that the only change made was in the form of the action. On appeal from this decision to the Court of Appeals, the judgment of the superior Court was affirmed. See 9 *N. Y.,* 211; *Voorhies* (*N. Y.*) *Code, Sec.* 112.

3. But it is evident from other acts of the Legislature, passed at the same session with the code of 1859, that the Legislature did not, by the provisions of the code before referred to, intend to repeal the sections of the statute of 1855, which we have cited. *Compiled Laws, pp.* 112-113, *Secs.* 1 *and* 2. This act was approved February 2, and took effect the 1st day of June, 1859.

II. The Court erred in charging the jury that before they could find that there was a mistake on the part of

either of the parties to the action, they must be satisfied of that fact, from the evidence, beyond a reasonable doubt.

1. This instruction is not law. The party alleging fraud or mistake, is bound to establish the fact to the satisfaction of the Court, by clear and satisfactory proofs. The language of some of the cases is, that "it must be established beyond reasonable controversy, and be made entirely plain;" that "it must be established by the clearest proof of the actual agreement and the mistake;" "that it must be conclusively proved;" "that it must be clearly proved;" "that the strongest possible proof is necessary," &c., &c.

But the rule, to be gathered from all the cases, is, that the proof must be such as to *satisfy* the mind of the Court; that it must be strong, clear and satisfactory.

But we have found no well considered case in which the rule has been laid down as it was in this case. The Judge confounded the rules of law applicable to the trial of civil and criminal causes. *Gillespie* v. *Moon,* 2 *Johns. Ch. R.,* 585; *Lyman* v. *U. S. Ins. Co.,* 2 *Johns. Ch. R.,* 630; *S. C.* 17, *Johns. R.,* 373; *Grey* v. *Woods,* 3 *Blackfd.,* 432; *Watkins* v. *Stockel,* 6 *Har. & J.,* 435; *Hendrickson* v. *Ivins, Saxton,* 562; *S. C.* 2 *U. S. Eq. Digest, p.* 290, *Sec.* 155; *Triplett* v. *Gill,* 7 *J. J. Marsh,* 432; *Linn* v. *Barkey,* 7 *Indiana,* 69; *Hilman* v. *Wright,* 9 *Indiana,* 126.

2. We have shown that this instruction is erroneous. It was upon the principal question in the case. Unless it is apparent that no injury resulted to the defendant therefrom, the Court will reverse the judgment. Three questions were submitted to the jury upon this branch of the case; *First,* Whether Stille was mistaken; *Second,* Whether John H. McDowell was mistaken; and *Third,* Whether Isacks was mistaken. The jury have found that Stille and McDowell were mistaken, that Isacks was not. Had the law been properly stated to the jury, they might, and from all the evidence very likely would, have found

that Isacks himself was mistaken, and really supposed that lots fifteen and sixteen embraced the piece of ground which Stille supposed he was purchasing, and which Mc-. Dowell, at the time, thought he was selling. We do not deem it necessary to cite authorities to show that if an erroneous instruction has been given upon a material point, the judgment will be reversed, unless it clearly appears that it did not operate injuriously to the defendant. The presumption is that it did.

III. The Court erred in charging the jury that, in order to constitute an offer to rescind the contract, the defendant must, at the time, have tendered a deed; but that if he simply verbally offered to deed back the lots, without at the same time tendering such deed, it was not in law an offer to rescind.

1. It was not necessary that a deed should actually have been tendered, in order to constitute an offer to rescind. It was sufficient if the defendant, Stille, said to Isacks, in so many words, that he would deed back the property if Isacks would pay him back the money already paid, and give up the unpaid note. The law would not require Stille to make out and deliver to Isacks a deed, without getting back his money and his note. If he was compelled to actually tender the deed, Isacks had a right to take it; and Stille would then have been completely in the power of Isacks.

2. This instruction, in substance, is, that nothing short of proof of an actual tender of a deed, will support the allegation of an offer to rescind. But the law is, that the averment would be established by proof that Isacks had prevented or dispensed with the requisites of a formal tender of a deed. The evidence showed, and the Court found, that Isacks did waive a formal tender of a deed at the time Stille made the verbal offer to rescind. If the law had been so stated to the jury, they must have found

that Stille offered to rescind in June, 1861, instead of November, 1863.

*Holmes* v. *Holmes*, 9 *New York*, 525. In this case, held, that evidence of the waiver of a tender, by the opposite party, is competent, and sufficient to support the averment of tender. See 2 *Greenleaf's Evidence*, *Sec.* 603, *and cases there cited; Thomas* v. *Evans*, 10 *East.*, 101; *Harding* v. *Davies*, 2 *Carr & Payne*, 77; *Douglas* v. *Patrick*, 3 *Term R.*, 683.

The evidence shows, and the Court finds, a waiver of a tender. Isacks had previously told Stille that it was useless to talk about it, that it was out of his power, &c. In such case the law is, that it is equivalent to a tender, and supports the averment of tender. *Croy* v. *Smith*, 2 *Comstock*, 60; *Smith* v. *Lewis*, 26 *Conn.*, 110; *Beecher* v. *Conradt*, 3 *Kernan*, 108; *Sands and wife* v. *Lyon*, 18 *Conn.*, 18; *Brock* v. *Hidy*, 13 *Ohio St. R.*, 306; *Webster* v. *French*, 11 *Ill.*, 254; *Johnson* v. *Sukely*, 2 *McLean*, 562; *Irvin* v. *Gregory*, 13 *Gray*, 215.

*Stinson & Havens*, for defendants in error, submitted:

I.  The Court instructed the jury, upon the question of mistake, in substance, that it devolved on the party alleging and relying upon a mutual mistake, to prove it clearly and conclusively; to prove it "beyond a reasonable doubt." In this the Court stated the law substantially as found in the books. "Relief will be granted in cases of written instruments only when there is a plain mistake clearly made out by satisfactory proofs." The rule "forbids relief, whenever the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or to opposing presumptions." 1 *Story's Eq. Jurisprudence*, *Secs.* 151, 152, 153, *and cases cited.*

2.  The jury found, in substance, that Stille and McDowell were mistaken substantially, as charged in the answer; but that Isacks intended to convey the identical land he did convey by his deed.

The answer of Stille herein charges an innocent mutual mistake in regard to the location of the land in controversy at the time of its purchase. There is no averment that this mistake was induced by the representations or the conduct of Isacks or his agent, McDowell. The deed from Isacks to Stille is sought to be amended and rescinded upon the ground that the minds of the contracting parties, at the time of its execution, intended and contemplated not the subject matter expressed in the deed, but one, other and different. It is left by the pleading a pure question of intention. Unless the mistake of McDowell was the mistake of Isacks, then the findings of the jury are conclusive against the mutuality of the mistake. McDowell was the agent of Isacks, not technically to sell the land, but to find a purchaser for it, and conduct the negotiations preliminary to a sale or conveyance. This he did. In so doing he was mistaken as to the boundaries of the land he was proposing to sell. This mistake of McDowell's might have been concealed in his own mind, and never found expression by word or act, and yet the case involve the same principles as the one here presented. The mistake of McDowell is not charged to have influenced, in the least degree, the mind of Stille. The error of each stands independent and uninfluenced by the error of the other.

If McDowell had made representations in regard to the location of the land, Isacks would have been bound by them as fully as though made by himself. If by any act he had misled Stille, it would have been the act of Isacks. But the law goes no further. No man is bound by the thought or the intentions of another.

"Equity interferes in cases of written agreements where there has been an innocent omission or insertion of a material stipulation, contrary to the intention of both parties, and under a mutual mistake." 2 *Story's Eq.*, *Sec.* 155.

The theory of this defense is, that both parties are innocent of actual or constructive fraud; that, without the

fault of either, the intentions of both have been disappointed. Then each party is equally entitled to the protection of the Court. The same relief must be open to both. If Stille makes out a case for himself, he of necessity makes out a case for rescission on the part of Isacks, so far as concerns this question of mistake. Transpose these parties. Let Isacks, upon these findings, seek the judgment of the Court that there was a mutual mistake, as the basis for a rescission. Would not the answer be: "The jury have found that you were not mistaken; they have found that you meant to convey precisely what you did convey by your deed." What Isacks' agent thought or intended in such case would avail nothing.

It has been held, that where the alleged fraud by a vendor of real estate consisted in a fraudulent concealment of a right of way over the premises, proof of concealment by the vendor's agent is not sufficient to set aside the purchase; there must be proof of direct personal knowledge and concealment by the principal himself. *Wilde* v. *Gibson*, 1 *House of Lords cases*, 605, *cited in Story's Eq.*, 7th ed., *Sec. 193, a.*

Dicta may be found that the principal is responsible for the mistakes of the agent; but they will always be found in connection with cases in which actual or constructive fraud is charged. The representations of the agent, which prove to be untrue, though innocently made by him under a mistake of facts, will bind the principal. It is, however, only when the mind and intention of the agent has found expression, and influenced the party complaining, that the principal is bound.

The liability of the principal for the acts, conduct and representations of his agent, is fully discussed in every elementary work upon contracts and agency, and in almost numberless decisions; yet the strange and startling doctrine, contended for herein, that the mind of the agent for the preliminary negotiations, becomes the mind of the

principal in the final consummation of the contract, can nowhere be found.

3. The agent herein had no power to bind his principal by any contract he might make in regard to the premises. Isacks did no more than to authorize McDowell to procure a purchaser therefor. The acts and words of McDowell, in so doing, within the scope of the authority thus conferred, were the acts and words of Isacks. The right and power to convey, however, Isacks reserved to himself. There was no contract which the law would recognize or enforce until Isacks put his name to the deed. Was not then the mind of Isacks, and not that of McDowell, the mind which assented to the deed, the mind in which was formed the intent to contract, which is the essence of the matter?

4. The findings negative each other. If McDowell's mistake is to affect the contract, it is because it was so made as to become the mistake of Isacks. These questions were left to the jury as questions of fact, and they find that the mistake was not mutual; that the deed of Isacks expressed fully and completely his intention in the premises. Now the question is answered absolutely and beyond controversy. If the case had been submitted for a general verdict, the jury must, under their view of the facts as expressed in their findings, have found that there was no mutual mistake; that the mistake of McDowell did not become the mistake of Isacks, his principal. If the ground of rescission was a misrepresentation by which Stille was induced to make the purchase, that misrepresentation must have, in the eye of the law, been made by Isacks, although his heart never conceived the thought, nor his mouth ever uttered the words. Yet it would seem that this rule, however strictly applied, would fail here. The defendant was not misled by the agent of Isacks; the mistake of the agent was innocent; it did not influence the grantee's mind. But for it the grantee might, in so

far as anything in the findings disclose anything to the contrary, have made the same or a similar contract.

II.  If there was a mistake of which the defendant Stille intended to avail himself, it was his duty, immediately upon its discovery, to treat the contract as rescinded. He should, by word and deed alike, have manifested to Isacks, and to the world, his disaffirmance of the written contract.  To permit a party to lie by, after the discovery of the mistake, and speculate upon his adversary, is neither legal nor equitable.

2.  The possession having passed to the grantee, the grantor cannot be put *in statu quo*, and for that reason the contract cannot be rescinded.

III.  The Court having found that there was no need of any offer to rescind, on the part of Stille, the instruction in regard to what would constitute a valid offer in such case, becomes of no moment or importance.  This question did not influence the decision.  If there was no necessity of such an offer on the part of Stille, the evidence and the instructions upon this point may be laid out of the case.

IV.  Under the statutes of 1858, this note having been transferred in good faith before due, it was not, in the hands of the plaintiff (an innocent holder), subject to the equities between Isacks and Stille.

*By the Court*, BAILEY, J.

In this action which was brought in the Court below to recover of the plaintiffs in error the amount of a promissory note given as part of the consideration for ten acres of land adjacent to the City of Leavenworth ; the principal reliance on the part of the defense, was an alleged mistake of the parties to the sale.  The land actually conveyed being different from and of far less value than that shown to the plaintiffs in error before the purchase, and which they supposed they were purchasing.

The jury under the instructions of the Court, found, among other things:

1st.   That Stille was mistaken.

2d.   That John H. McDowell, the agent of the vendor, in making the sale to Stille, was mistaken, but that,

3d.   Andrew J. Isacks, the vendor, was not mistaken.

The charge of the Court to the jury on this part of the case was as follows:

"The main question, or the one about which there is the most controversy, is the question of mistake, and in regard to this question, I say to you, that before you can find that there was a mistake on the part of either of the parties, you must be satisfied of that fact beyond a reasonable doubt."

The counsel for defendants, (now plaintiffs in error,) excepted to this charge and bring their petition in error to this Court.

It is well settled that mistakes of the kind alleged by plaintiffs in error may be corrected on sufficient proof; hence the only question that can arise upon this point is as to the *sufficiency of the proof*, and upon this point the authorities are well agreed, if not as to the precise language, yet as to the effect and substance of the rule. In the case of Gillespie *v.* Moon, Chancellor Kent, after a full and careful review of the previous decisions, concludes by saying:

"The cases all concur in the strictness and difficulty of the proof, but still they all admit it to be competent, and the only question is, "Does it satisfy the mind of the Court?" *Gillespie* v. *Moon*, 2 *John. Chancery Cases*, 585.

And in the subsequent case of Lyman *v.* the U. S. Insurance Co., the learned Chancellor, says: "The cases which treat of this head of equity jurisdiction, require the mistake to be made out in the most clear and decided manner, and to the entire satisfaction of the Court." *Id.* 632.   See also same case 17 Johnson R. 373.

Such in effect and in language slightly varied, is the rule laid down in the most carefully considered cases under this head, and 't is obvious that the rule as given to the jury by the Court below is in terms different and considerably more stringent.

The language used in the charge of the Court can only be strictly applicable to cases arising under the criminal code, and has as yet no judicial sanction as applied to civil practice.

As the conclusion we have arrived at upon this point will involve the necessity of a new trial, we deem it proper to advert briefly to one other ruling of the judge who tried this cause, touching the offer to *rescind* the contract.

The Court charged " that in order to constitute an offer to rescind the contract the defendant must at the time have tendered a deed, but that if he simply verbally offered to deed back the lots without at the same time tendering such deed, it was not in law an offer to rescind."

We conceive the rule of law on this point to be, that the averment of an offer to rescind would be established by proof that the opposite party had prevented or dispensed with a formal tender of a deed.

New trial granted.

All the justices concurring.